# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-235 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| KIERAN JOHNSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 14, 2018, defendant Kieran Johnson ("Johnson") was sentenced to a term of 79 months imprisonment, following his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 26 (Judgment); *see* Minutes of Proceedings [non-document], 12/14/2018; Doc. No. 21 (Plea Agreement); *see also* Doc. No. 1 (Indictment).) Now before the Court is Johnson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 39 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 42 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3353(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Johnson moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Specifically, he argues that he is eligible for a reduced sentence under Amendment 821, Part A, which affected the sentencing guidelines' treatment of offenses committed while under a criminal justice sentence. (Doc. No. 39, at 2.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Johnson's base offense level to be 24. (*See also* Doc. No. 23 (Final PSR), at 5 ¶ 18.) After the appropriate adjustment was applied—a 3-level reduction for acceptance of responsibility—the resulting total offense level was 21. (*See also id*. ¶¶ 25–27.) Johnson had two prior convictions for aggravated robbery and a conviction for having a weapon while under a disability, which collectively scored 8 criminal history points. (*See also id.* at 8–9 ¶¶ 38–40.) Two more points were added because Johnson was under a criminal justice sentence in state court for having a weapon while under a disability at the time of the instant offense. (*See also id*. at 10 ¶ 42.) With a total of 10 criminal history points, the guidelines dictated that he was a criminal history category V. (*See also id*. ¶ 43.) The advisory guideline range at offense level 21, criminal history category V was 70 to 87 months. (*See also id*. at 13 ¶ 65.) The Court imposed a within guideline range sentence of 79 months. (*See* Doc. No. 26.)

In his motion, Johnson requests that the Court reduce his sentence to 64 months, based on the amended guideline range applicable following the changes made to "status points" under Part A of Amendment 821. (Doc. No. 39, at 2.) Under the Amendment, because Johnson had 7 or more criminal history points, his "status points" would be reduced by 1, resulting in a total criminal history score of 9, which correlates to a criminal history category of IV. With a total offense level of 21 and a criminal history category of IV, his amended sentencing guideline range is 57 to 71 months. Because Johnson received a mid-range sentence when he was originally sentenced by the Court, he requests a new sentence in the middle of his amended sentencing range; namely, 64 months. (*Id*.) The government agrees that Johnson is eligible for a sentence reduction under Part A, but it urges the Court to exercise its discretion in denying Johnson's motion "based on concern for public safety." (Doc. No. 42, at 2.) Specifically, the government argues that, because "Johnson has a penchant for firearms and an extensive, violent criminal history[,]" a "reduction in sentence is not in the public's interest." (*Id*.)

The Court agrees with the parties that Johnson is eligible for consideration of a sentence reduction under Part A. *See* U.S.S.G. § 1B1.10. Having concluded the amended guidelines range would have been applicable to Johnson had the Amendment been in effect at the time of sentencing, the Court proceeds to the second step of the analysis and considers whether such a reduction is warranted based on the factors set forth in § 3553(a). *Dillon*, 560 U.S. at 826 (citing § 3582(c)(2)). Subject to the limits set forth in U.S.S.G. § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22; *see United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider

3

all relevant statutory sentencing factors). Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, requires the sentencing judge to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from future crimes of the defendant; and (4) provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

Additionally, application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 app. n. 1(B)(ii). Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment[.]" *Id*. app. n. 1(B)(iii).

Johnson has an extensive criminal history that began when he was 16 years old. His juvenile adjudications included robbery, theft, trespassing, breaking and entering, receiving stolen property, drug possession, tampering with evidence, obstructing justice, underage purchase of a firearm, disorderly conduct, and having weapons while under a disability. (Doc. No. 23, at 6–8 ¶¶ 29–37.) At age 21, he was convicted of his first violent felony—aggravated robbery—wherein he robbed a victim at gunpoint for a small amount of cash, a cell phone, keys, and a bank card. (*Id*. at 8 ¶ 38.) One month later, he was convicted of a second aggravated robbery. (*Id*. at 9 ¶ 39.) During this second aggravated robbery, Johnson and five other males robbed two women at gunpoint while

4

the women were waiting at a bus stop. (*Id.*) Johnson was sentenced to a total of five years imprisonment for both aggravated robberies. (*See id.*) Approximately one month after his release on his five-year prison sentence, at the age of 26, Johnson was charged with drug possession and having a weapon while under a disability. He was convicted of these charges and sentenced to 12 months of imprisonment. (*Id.* at 9 ¶ 40.) Fewer than six months after his release from this subsequent term of imprisonment, he was again found in the possession of a firearm—this time a loaded .22 caliber pistol—and charged with the instant weapons offense, for which he ultimately pleaded guilty and was sentenced. (*See* Doc. No. 1.) Without question, Johnson's criminal history reflects a proclivity for violence and weapons. Moreover, prior periods of incarceration have failed to impress upon him the need to curb his behavior to comply with the law.

Additionally, as the Court previously noted when it denied Johnson's request for a compassionate release, Johnson's Inmate Discipline Data shows a number of disciplinary problems, including multiple infractions for illegal drug possession. (Doc. No. 36-1 (Data Sheet); *see* Order [non-document], 1/12/2022.) Johnson's prior prison records also show that he has completed several educational programs while at his institution. (*See* Doc. No. 31-1.) Johnson failed to update these records, or otherwise demonstrate that has completed any additional educational programs, or been able to serve any portion of sentence incident free. While the Court takes into consideration his prison programming, it remains troubled that the only information available to the Court indicates that Johnson is either unable or unwilling to conform his behavior post-judgment to comply with the rules of his institution.

As it did at the time of sentencing, the Court has taken into consideration all of the § 3553(a) sentencing factors. In doing so, the Court finds that it is in agreement with the government

that Johnson remains dangerous and would be a danger to the community if released. *See, e.g., United States v. Stevens*, 332 F. Appx. 261, 263 (6th Cir. 2009) (affirming denial of motion to reduce sentence, despite eligibility under amendment, based on disciplinary infractions in prison and lengthy criminal record). Additionally, for the same reasons, the Court finds a reduction of his sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 39) is DENIED.

**IT IS SO ORDERED**.

Dated: February 20, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**