# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-235 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| KIERAN JOHNSON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 20, 2024, the Court entered an order denying the motion of defendant Kieran

Johnson ("Johnson") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment

821 to the United States Sentencing Guidelines. (Doc. No. 43 (Memorandum Opinion and Order);

*see* Doc. No. 39 (Motion to Reduce Sentence).)[1] While the Court determined that Johnson was

eligible under Part A of Amendment 821, relating to the treatment of "status points," it exercised

its discretion and denied the motion for a sentence reduction, finding that "Johnson remains

dangerous and would be a danger to the community if released." (Doc. No. 43, at 6.).

The Court also determined that the sentencing factors set forth in 18 U.S.C. § 3553(a) did

not support a reduction in sentence. (*Id.*) In so ruling, the Court considered Johnson's prison

---

[1] On January 12, 2022, the Court denied Johnson's motion for a compassionate release under 18 U.S.C. § 3582(c)(1). (Order [non-document], 1/12/2022; *see* Doc. No. 31 (Motion for Compassionate Release); Doc. No. 37 (Supplement).) Even though the Court found that Johnson had failed to establish the existence of extraordinary and compelling reasons to justify a reduced prison term, the Court also determined that the 18 U.S.C. § 3353(a) sentencing factors did not support such relief, taking into consideration Johnson's extensive and violent criminal history, his poor prison disciplinary record, his prison programming, and the concern for his minor son. The Court further determined that Johnson was a danger to the community and was not an appropriate candidate for early release, even with conditions. (*See* Order [non-document], 1/12/2022.)

programming relied upon in support of his earlier motion for compassionate release, but noted that Johnson had failed to update his classes. Nevertheless, citing Johnson's extensive criminal history that included numerous crimes of violence and weapons offenses and his poor prison disciplinary record, the Court determined that "a reduction of his sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence." (*Id*. at 6.)

The Court has recently received correspondence from Johnson, dated February 26, 2024, which the Court construes as a request for reconsideration of the Court's February 20, 2024 decision. (Doc. No. 45 (Motion for Reconsideration).) In this filing, Johnson reiterates his request that the Court reduce his sentence, once again citing his prison programming and also emphasizing his desire "to be a father to" his five year old son. (*Id*. at 1.) He appends to his motion prison records documenting the programming he has started and/or completed between 2019 and December 2023. (*See* Doc. No. 45-1 (Prison Program Certificates and Individualized Needs Plan).) Plaintiff United States of America (the "government") has filed a response to the motion indicating that, notwithstanding Johnson's updated prison programming records, its position that Johnson remains a dangerous to society remains unchanged. (Doc. No. 46 (Response), at 1.)

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration." In the Sixth Circuit, a motion for reconsideration may be pursued as a motion to alter or amend the court's judgment under Fed. R. Civ. P. 59(e), provided it is filed within 28 days of the court's judgment or order. *See Inge v. Rock Fin. Corp*., 281 F.3d 613, 617–18 (6th Cir. 2022) (citations omitted). Under Rule 59(e), a district court may amend a judgment only "if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

law; or (4) a need to prevent manifest injustice." *Patel v. Hughes*, No. 22-5696, 2023 WL 3318391, at *5 (6th Cir. May 9, 2023) (quoting *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017)). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citations omitted). It is not a vehicle to reargue the case, or present arguments or evidence that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (A Rule 59(e) motion is not to be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quotation marks and citation omitted)).

Johnson fails to identify a clear error of law committed by the Court, an intervening change in controlling law, or the need to prevent manifest injustice as a basis for his request for reconsideration. Instead, he appears to rely on "newly discovered evidence" in the form of prison documentation showing the classes he has taken and his desire to be reunited with his minor son. (*See* Doc. No. 45, at 1.) It is well settled, however, that evidence that was available at the time the original motion was filed does not constitute newly discovered evidence under Rule 59(e). *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016) (noting it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment" (quotation marks and citation omitted)); *see Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) ("Newly discovered evidence must have been previously unavailable." (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178

F.3d 804, 834 (6th Cir. 1999))).

Here, evidence relating to prison programming Johnson completed between 2019 and 2023 was certainly available to Johnson before he filed his motion for a sentence reduction on January 15, 2024. (*See* Doc. No. 39.) And, in fact, the Court considered the programming Johnson relied upon in support of his request for compassionate release when it denied his original motion to reduce his sentence. (*See* Doc. No. 43, at 5.) Johnson's concern for his minor son was also something he could have raised in his original motion and was previously offered in support of his request for compassionate release in 2021. (*See* Doc. No. 32, at 2.) The Court considered this "evidence" but determined that a reduced sentence was not appropriate in light of the § 3553(a) sentencing factors. (*See* Order [non-document], 1/12/2022.) Because Johnson has failed to come forward with any newly discovered evidence, denial of his motion for reconsideration is warranted for this reason alone.

But even if the Court considered Johnson's newly submitted documentation regarding his prison programming and his continued concern for his minor son, neither would change the Court's analysis or the Court's determination that Johnson remains a danger to the community. As the Court has observed in numerous post-judgment rulings, Johnson has an extensive criminal history that is replete with crimes of violence and weapons offenses. As an adult, Johnson has exhibited a pattern of engaging in violent criminal activity, serving periods of incarceration, and immediately committing additional violent crimes upon release. (*See* Doc. No. 43, at 4–5 (citing Doc. No. 23, at 6–9 ¶¶ 29–40).) Prior periods of incarceration have failed to impress upon Johnson the need comply with the law.

His conduct in prison also remains troubling to the Court. While the Court commends

4

Johnson for taking advantage of the educational opportunities available at his institution, his disciplinary infractions (*see* Doc. No. 43, at 5) highlight his continued unwillingness to conform his behavior. His suggestion that it is "not hard here [i.e. in his institution] to get in[to] trouble[,]" only serves to confirm the Court's belief that Johnson takes no responsibility for his actions and would not abide by any terms of early release. (*See* Doc. No. 45, at 1.)

Accordingly, the Court finds (again) that Johnson is a danger to the community and that a sentence reduction would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence. For these reasons, as well as the reasons set forth in the Court's February 20, 2024 order (*see* Doc. No. 43), Johnson's motion for reconsideration (Doc. No. 45) is DENIED.

**IT IS SO ORDERED**.

Dated: April 15, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**